ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 JUL 27 AM 10: 09

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

KEVIN DEMETRIUS WALKER,       )
                              )
        Plaintiff,             )
                              )
    v.                         )    CV 308-016
                              )
DAREN ROBERSON, Sergeant, et al., )
                              )
        Defendants.            )

---

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 42). For the reasons explained below, Defendant Herman's objection is without merit.

Plaintiff's complaint and amendment[1] raise allegations of excessive force, claims for deliberate indifference to Plaintiff's health, and claims regarding his conditions of confinement. The Magistrate Judge allowed Plaintiff's claims for delayed medical treatment against Defendants Burnette, Herman, and John Does and Plaintiff's conditions of confinement claims against Defendant Burnette. The Magistrate Judge also allowed Plaintiff's claim for the alleged use of excessive force against Defendants Roberson, Bailey, Rogers, and John Does. (Doc. no. 11, p. 6).

---

[1] In screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A, the Magistrate Judge considered both Plaintiff's complaint and amendment, as the amendment simply sought to add James E. Donald as a Defendant and attempted to clarify previously stated claims.

In lieu of answering the complaint, Defendants filed pre-answer motions to dismiss. (Doc. nos. 27, 28, 32). In addressing the motions to dismiss, the Magistrate Judge found that Plaintiff failed to timely serve Defendants Bailey and John Does; failed to exhaust his claim concerning the unsanitary conditions of confinement; failed to state a claim upon which relief can be granted against Defendant Burnette; failed to state a claim upon which relief can be granted against Defendant Herman as to the denial of medical treatment on June 10, 2007; and failed to state a claim upon which relief can be granted for monetary damages against all Defendants in their official capacities. (Doc. no. 40, p. 29). The Magistrate Judge also found that Plaintiff's claims for injunctive relief are moot. (Id.). Therefore, the Magistrate Judge concluded that the remaining claims which should proceed are: (1) the ongoing denial of medical treatment against Defendant Herman in his individual capacity; and (2) the excessive use of force claims against Defendants Roberson and Rogers in their individual capacities. (Id.).

Defendant Herman objects to the recommendation that the claim for ongoing denial of medical treatment should proceed against him. (Doc. no. 42). Defendant contends that contrary to the Magistrate Judge's findings, Plaintiff did not exhaust his administrative remedies concerning this claim.

Plaintiff submitted grievance number 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 which provided:

> I've been requesting pain medication for my back injury since 8/30/07. I've yet to receive pain medication as continually requested. The ER doctor recommended Tylenol 3, but I was told by a doctor at Telfair State Prison that "the state don't have funds to spend like that." Upon my request for a grievance, I was given Naproxen. I've informed doctors beforehand that the medication wasn't sufficient for my pains. I was suppose[d] to receive pain medication by Doctor Harrison, but Ms. Stewart continued the wrong

2

medication.

(Doc. no. 34, Ex. 2). Defendant asserts that this grievance does not address Plaintiff's complaint of ongoing denial of medical treatment. (Doc. no. 42, pp. 5-6). Rather, Defendant maintains that, at best, this grievance establishes that Plaintiff was complaining about the type of pain medication he received. (Id. at 6). The Court disagrees.

First, the Court notes that Plaintiff submitted Grievance Number 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 on October 5, 2007. Plaintiff begins his grievance by noting that he has been requesting pain medication for his back injury since August 30, 2007. (Doc. no. 32, Ex. 2). Plaintiff next states that he has not received any pain medication as continually requested. (Id.). Therefore at a minimum, Plaintiff's grievance alleges that Plaintiff did not receive any pain medication between August 20, 2007 through October 5, 2007. Plaintiff acknowledges that he did receive Naproxen, but only after he requested a grievance. Here, Plaintiff's Grievance Number 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 sufficiently asserts that, at the least, Plaintiff's access to medical care/treatment was delayed. See Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (noting a viable Eighth Amendment claim consists of "deliberate indifference" to medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain); see also Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003) (unexplained delay in dental treatment in the face of continuing problems may form basis for deliberate indifference claim).

Therefore, the Court finds that Grievance Number 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 sufficiently addresses Plaintiff's claim concerning the ongoing denial of medical treatment against Defendant

Herman[2] in his individual capacity. As such, Plaintiff has exhausted his administrative remedies on this claim; Defendant's objection is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants Burnette, Bailey and John Does are **DISMISSED** without prejudice. Additionally, Defendants' motions to dismiss (doc. nos. 27, 28, 32) are **GRANTED IN PART** and **DENIED IN PART**. The remaining claims which shall proceed are: (1) the ongoing denial of medical treatment against Defendant Herman in his individual capacity; and (2) the excessive use of force claims against Defendants Roberson and Rogers in their individual capacities.[3]

SO ORDERED this 27th day of July, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff alleges in his complaint that after a visit to the emergency room, the emergency room doctor gave him a prescription for pain medication. (Doc. no. 11, p. 5). Plaintiff then alleges that Defendant Herman informed Plaintiff that "the state don't have that kind of money to be paying for you." (Id.).

[3]Upon the filing of Defendants answers, the **CLERK** shall enter a scheduling notice.

4